# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES R. DIXON, | : | |
| Plaintiff, | : | |
| vs. | : | CA 22-0038-JB-MU |
| HOUSING FIRST, et al., | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This *pro se* action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon Charles R. Dixon's failure to prosecute this action by not complying with the Court's Order dated and entered March 10, 2022 (Doc. 10).

On January 28, 2022, Charles R. Dixon filed a three-page handwritten pleading in this Court, purporting to assert claims against five identified Defendants. (*See* Doc. 1, PageID. 1-3). Because Plaintiff did not pay the filing fee when he filed his complaint, nor did he file a motion to proceed without prepayment of fees (*see* Docket Sheet), he was ordered to either pay the filing fee or file an IFP motion not later than March 4, 2022 (*see* Doc. 2). Dixon filed his IFP motion on March 4, 2022 (Doc. 6) and was granted leave to proceed without prepayment of costs and fees (Doc. 8). However, service was withheld pending this Court's screening of his complaint under 28 U.S.C. § 1915(e)(2)(B). (*Id.*). On March 10, 2022, the undersigned entered a lengthy Order instructing Plaintiff to file an Amended Complaint, in compliance with Federal Rules of

Civil Procedure 8(a) and 10(a)-(b) (as well as any other pleading requirements described in the order), by not later than April 11, 2022. (*See* Doc. 10, PageID. 22-35). Mr. Dixon was specifically warned that any "failure to comply with this order within the prescribed time or to notify the Court of an address change will result in the dismissal of this action for failure to prosecute and to follow the Court's Order." (*Id.*, PageID. 35). To date, Mr. Dixon has not filed his Amended Complaint, timely or otherwise, as instructed by the undersigned. (*See* Docket Sheet). And because Dixon is no stranger to federal court, having been required to file Amended Complaints before, *see, e.g., Dixon v. Mobile County Public Schools.,* CA 19-0090-CG-MU, his failure to file an Amended Complaint in this case, as instructed, informs the undersigned that Plaintiff has concluded that he has no viable claim to assert against the identified Defendants over which this Court can exercise jurisdiction.

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Brown v. Tallahassee Police Dep't,* 205 Fed.Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming a without dismissal prejudice of a *pro se* action for failure to follow a court order); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d

1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Dixon has not responded to the Court's Order dated and entered March 10, 2022, instructing him to file an Amended Complaint not later than April 11, 2022 (*compare* Docket Sheet *with* Doc. 10). Therefore, it is recommended that Dixon's present action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful order dated and entered on March 10, 2022.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of April, 2022.

                                      s/P. Bradley Murray
                              **UNITED STATES MAGISTRATE JUDGE**